## Case No. 7,513.

### In re JORDAN.

[3 N. B. R. 182 (Quarto, 45).] [1]

District Court, North Carolina. 1869.[2]

[1] [Reprinted by permission.]
[2] [District not given.]

BROOKS, District Judge. Joshua Barnes filed his petition in this cause, in which he states that at fall term, 1867, of the superior court for Wilson county, he recovered a judgment against one Wilie Lamm, for the sum of three thousand dollars, principal money, with interest on the same, from the 2d day of December, 1867, until paid, and for fifteen dollars costs; that execution was issued thereon from said term, returnable to the spring term of 1868. That the same came to the hands of J. W. Davis, sheriff, and was by him levied and returned to spring term, 1868, indorsed as follows: "Levied on the lands of Wilie Lamm, in the Contention district, adjoining the lands of Thomas Lamm, and others, containing seven hundred and six acres, more or less. J. W. Davis. Sheriff." That after the said levy had been made, Wm. M. Gay, as assignee in bankruptcy of Wm. G. Jordan, obtained a judgment against said Wilie Lamm, in the district court of the United States, upon which execution issued and came to the hands of the marshal, and was by him levied upon the lands previously levied upon by the sheriff, Davis. That the execution so levied by the marshal was returned to the district court, and thereupon a vend. exponas issued, under which the marshal sold the lands and executed a deed to the purchaser. That after deducting the costs and expenses of the sale, the marshal paid over the net proceeds of the sale to said Gay, the plaintiff in the process under which he acted, who now holds the same as assignee. The petitioner further states that he was prevented from issuing a venditioni exponas and executing the same, by the stay law then in existence in North Carolina.

The petitioner prays this court, as a court of bankruptcy, to declare upon these facts (which are admitted by Gay, the assignee to be true), that Barnes, the plaintiff in the judgment in the state court, is entitled to the net proceeds of the sales realized by the marshal, and by him paid over to the assignee; and asks the court to make such order as will oblige the assignee, to pay over the same to Barnes, the sum so realized being less than his judgment. I have not been aided by argument in this case, yet I am fortunate in having had this question presented and fully argued at the last term of the circuit court for this district, by gentlemen of great learning and ability on both sides. In that case the court decided that the plaintiff, in the judgment obtained in the federal court on which the execution issued and under which the marshal sold, was entitled to the proceeds of such sales,

although that judgment, execution, and levy under it was subsequent to the judgment, execution, and levy of the process from the state court. I must refuse the order prayed for in this case for the same reasons that influenced the decision in that case. The marshal, like a sheriff, can only sell and convey such right or interest in property as the process in his hands will warrant; though he may declare that he sells more or a higher interest, or even so states in his conveyance, yet his conveyance transfers no more or greater interest to the purchaser than the law, by virtue of the process and the proceedings upon which the same is based, allows to pass.

It follows, then, that if a prior lawful incumbrance or lien exists, the sale is made subject to such incumbrance, and can only be made subject to such incumbrance. A purchaser at execution sale is as much bound to know of the existence of a prior lien or incumbrance existing against the property offered by force of a judgment, execution, and levy as if it was an incumbrance existing by mortgage or in any other way. If the plaintiff Barnes has lost his lien, it is not from any unauthorized act of the marshal, but from his observance of the stay law passed by the legislature of North Carolina, so recently declared unconstitutional by the supreme court of the state, and which, if unconstitutional, was never of any force. Let this be certified to Mr. Register Lehman.